```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
KOURIOCKEIN VANN,                                           :
                                                            :
                                    Plaintiff,              :
                                                            :
                      v.                                    :
                                                            :
BRIAN FISCHER, et al.,                                      :
                                                            :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 7, 2015

11 Civ. 1958 (KPF)

OPINION AND ORDER

KATHERINE POLK FAILLA, District Judge:

In March 2011, Plaintiff Kouriockein Vann filed a civil rights action claiming, among other things, that (i) regulations of the New York State Department of Corrections and Community Supervision ("DOCCS") had impaired his constitutional right to the free exercise of his religious beliefs; and (ii) prison officials had impermissibly abused him and subjected him to retaliatory and harassing conduct. (Dkt. #1). By Opinion and Order dated August 25, 2014, the Court granted Defendants' motion for summary judgment in its entirety. *See Vann* v. *Fischer*, No. 11 Civ. 1958 (KPF), 2014 WL 4188077 (S.D.N.Y. Aug. 25, 2014).[1] In particular, the Court found that (i) with respect to Plaintiff's free exercise claims, any burdens inhering in the challenged

---

[1] Familiarity with the facts detailed, and conclusions reached, in the Court's August 25, 2014 Opinion and Order (the "Opinion" (Dkt. #142)) is assumed. For convenience, the parties' submissions in connection with the instant motion are referred to as "Pl. Recon. Br." (Dkt. #144), "Def. Recon. Opp." (Dkt. #147), and "Pl. Recon. Reply" (Dkt. #149); Plaintiff's submissions in connection with the reconsideration motion are cited using the page-numbering conventions imposed by this Court's electronic case filing ("ECF") system; Plaintiff's submissions in connection with the summary judgment motion are cited using ECF's docketing and page-numbering conventions.

DOCCS directives were outweighed by legitimate penological interests that were served by the directives, which were as well the least restrictive alternatives available (Opinion 17-49); and (ii) Plaintiff's retaliation claims were procedurally barred, either because of Plaintiff's failure to exhaust available administrative remedies or because of claim preclusion (*id.* at 50-60).  Plaintiff has filed a motion for reconsideration under Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.  For the reasons set forth in the remainder of this Opinion, the motion is denied.

## APPLICABLE LAW

Rule 60(b) provides for relief from judgment on any of several grounds specified in five numbered subparts, *see* Fed. R. Civ. P. 60(b)(1)-(5), and under a sixth, catch-all provision that permits relief for "any other reason," Fed. R. Civ. P. 60(b)(6).  Plaintiff cites the catch-all provision of subpart (6), as well as subparts (1) and (4), which address situations involving "mistake, inadvertence, surprise, or excusable neglect" or a voided judgment, respectively.  The Second Circuit has cautioned that Rule 60(b) motions are disfavored, *see Pichardo* v. *Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004), and that Rule 60(b)(6) in particular should be invoked only when "extraordinary circumstances" justify relief or "when the judgment may work an extreme and undue hardship," *Nemaizer* v. *Baker*, 793 F.2d 58, 63 (2d Cir. 1986).

"'The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.'" *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 387 n.6 (S.D.N.Y. 2011) (quoting *Patterson* v. *United States*, No. 04 Civ.

2

3140 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006)). Moreover, "[t]he standards for relief under Rule 6.3 and Rule 59 ... are identical." *R.F.M.A.S., Inc.* v. *Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). Under Local Rule 6.3, the moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted) (noting that the standard for granting motions for reconsideration is "strict").

"A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson* v. *Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (citing *Shrader*, 70 F.3d at 257). Such a motion should not be made "reflexively to reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d at 387 (quoting *Makas* v. *Orlando*, No. 06 Civ. 14305 (DAB) (AJP), 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (internal quotation marks omitted)). Above all, "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish* v. *Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

The Court is mindful that, "when the plaintiff proceeds *pro se*, as in this case, a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations," and to interpret them as raising the strongest

arguments they suggest. *McEachin* v. *McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *see also Tracy* v. *Freshwater,* 623 F.3d 90, 101 (2d Cir. 2010) ("It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." (collecting cases)). Nonetheless, this liberal standard does not exempt a plaintiff from his or her duty to meet the requirements for reconsideration. *See Patterson,* 2006 WL 2067036, at *1 (collecting cases).[2]

## DISCUSSION

The instant motion for reconsideration is not predicated on any controlling decisions the Court overlooked, nor has there been an intervening change in the law. Instead, focusing on the Court's resolution of his retaliation claims (Opinion 50-60), Plaintiff has submitted various documents in rearguing that these claims were *not* procedurally barred. Among other things, Plaintiff argues that:

- The documents submitted in connection with the instant motion make clear that Plaintiff exhausted his administrative remedies with respect to the grievances at issue, or that such grievances did not require exhaustion through the administrative process. (Pl. Recon. Br. 1-3; Pl. Recon. Reply 2-3).

- Plaintiff exhausted his administrative remedies because he completed the three-stage grievance process either before or shortly after the filing of the Complaint, and any delays in the resolution of the administrative appeals are to be laid at the feet of the Inmate Grievance Review Committee or the Grievance Supervisor. (Pl. Recon. Br. 1-4; Pl. Recon. Reply 2-3).

- To the extent Plaintiff failed to exhaust his claims prior to filing the Complaint or the Amended Complaint in this action, it is because he was "constantly" being

---

[2] In this regard, Plaintiff's references to the legal standards attendant to a motion to dismiss, while not incorrect, are misplaced. (*See* Pl. Recon. Br. 3; Pl. Recon. Reply 1).

4

- "harassed, pressured, [and] assaulted physically and sexually" for his religious beliefs and practices, which prompted him to seek relief from the Court while some of his grievances were proceeding through the administrative appeal process. (Pl. Recon. Reply 2-3).

- Strict compliance with the exhaustion requirement has been excused, inasmuch as the Court has considered Plaintiff's free exercise claims without determining whether such claims were administratively exhausted. (Pl. Recon. Br. 3).

- Finally, to the extent that the Court finds that Plaintiff did not exhaust his administrative remedies prior to the filing of the Complaint or the Amended Complaint, Plaintiff requests that the Court: (i) consider the exhausted claims while dismissing the unexhausted claims; (ii) "allow the matter to be 're-filed'" to include the by-now-exhausted claims; and (iii) consider Defendants to be estopped from raising an exhaustion argument. (Pl. Recon. Reply 2-6).

Plaintiff raised most, if not all, of these arguments previously in connection with the summary judgment motion. (*See, e.g.*, Dkt. #115 at 10, 12; Dkt. #118 at 1-2; Dkt. #120 at 5, 11, 18, and exhibits; Dkt. #130 at 1-2 and exhibits). Indeed, Plaintiff has re-submitted several of his exhibits from the summary judgment briefing. (*Compare* Pl. Recon. Reply 9, *with* Dkt. #120-1 at 31, *and compare* Pl. Recon. Br. 10, *with* Dkt. #120-1 at 32). The fact remains that the Court undertook a comprehensive review of Plaintiff's grievances and any appeals taken therefrom in the Opinion, and there is nothing in Plaintiff's reconsideration motion that causes the Court to question the validity of its earlier factual findings or legal conclusions.

Plaintiff's decision to argue in absolutes — for example, his blanket assertion that he "did not fail to exhaust his administrative remedies of his grievances" (Pl. Recon. Reply 2), with little effort to distinguish among the 15 or

5

so grievances he filed (*see id.* at 4) — complicates the issue, but only temporarily. The Court has reviewed the grievance materials submitted by both parties over the preceding 14 months in order to categorize those grievances as relevant or irrelevant to the instant litigation. Certain of Plaintiff's grievances, such as A-58129-11 (which related to issues with Plaintiff's podiatric care (Dkt. #120 at 80)), are simply irrelevant to the First Amendment issues Plaintiff raises in this litigation. By contrast, grievances such as DSR-11967-10 (Dkt. #120 at 27-48), which concerned the free exercise issues implicated by DOCCS Directives #4202 and #4917, were addressed at length in the Court's Opinion.[3]

Plaintiff's grievances concerning episodes of purported retaliation at Attica, such as A-57659-10, stand on a different footing. As detailed in the Opinion (Opinion 51-55), Plaintiff was required to exhaust his administrative remedies as to each of these grievances *before* filing his Complaint (or Amended Complaint, as the case may be), and he did not. *See generally Woodford* v. *Ngo*, 548 U.S. 81, 94 (2006); *Amador* v. *Andrews*, 655 F.3d 89, 96 (2d Cir. 2011). As Defendants note, some of the events of which Plaintiff complains had not even occurred by the time of the filing of the Complaint or the Amended Complaint. (Def. Recon. Opp. 2). Plaintiff concedes untimeliness as to certain of his grievances, but argues that it is sufficient that the grievances

---

[3]     Similar issues were raised by Plaintiff in grievances filed while he was incarcerated at Attica. (*See* A-57441-10 (Dkt. #120 at 27); A-58222-11 (*id.* at 74-79)). If and to the extent that Plaintiff did not exhaust his administrative remedies with respect to any of these grievances, those failures would have no practical effect, since the Court considered the issues raised in the Downstate grievance.

6

were "close" to being exhausted by the date of filing. (Pl. Recon. Reply 2). "Close" is not sufficient, nor is Plaintiff excused from these procedural requirements based on his strategic decision to seek relief from the courts before the respective administrative appeals processes had concluded. (*See* Pl. Recon. Reply 3; *see also* Dkt. #120 at 11).[4]

With particular respect to Grievance A-58505-11, which concerned a June 29, 2011 incident in which Plaintiff was written up for failing to tuck in his sacred beads, Plaintiff is procedurally barred from challenging the resulting disciplinary proceeding for a different reason. (*See* Dkt. #120-1 at 1-7; Pl. Recon. Br. 6-8, 15-17). Plaintiff participated in a disciplinary hearing on the matter on July 2, 2011, and — as directed by the Inmate Grievance Review Committee (*see* Pl. Recon. Br. 7) — appealed from that disciplinary hearing via an Article 78 proceeding in New York State court, where he raised the precise arguments he raised in this litigation. (Dkt. #133-1 at 16-19). Having had a full and fair opportunity to litigate these issues in state court, Plaintiff is precluded from relitigating the issues here. (*See* Opinion 55-60).

Finally, Plaintiff seeks clarification of the Court's prior Opinion. (Pl. Recon. Br. 2). To clarify, all of the claims brought by Plaintiff in the instant litigation were resolved in the Opinion. The Court dismissed the monetary claims against individual Defendants Heath, Perez, Dolce, and Bradt based on the lack of requisite personal involvement on the part of each. The Court granted summary judgment in favor of all of the named Defendants with

---

[4] The Court has also previously rejected Plaintiff's claims of estoppel. (Opinion 59-60).

respect to (i) all of Plaintiff's religious discrimination, equal protection, and due process claims in the Complaint and Amended Complaint relating to his sacred beads, and (ii) his due process claims arising from the July 2 disciplinary hearing at Attica. The Court dismissed Plaintiff's claims regarding incidents of retaliation that were alleged to have occurred in Attica in 2010 and 2011, because of Plaintiff's failure to exhaust his administrative remedies. The Court will not permit Plaintiff to re-file his retaliation claims now, even if such claims were administratively exhausted after this litigation was instituted. There are, accordingly, no other claims before this Court.

## CONCLUSION

Plaintiff's motion for reconsideration is denied. The Clerk of Court is directed to terminate the motion at Docket Entry 144.

SO ORDERED.

Dated:  January 7, 2015
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*A copy of this Order was mailed by Chambers to:*

Kouriockein Vann
DIN# 10-A-0017
Box 4000
Stormville, NY 12582